

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00304-CV

**CITY OF SAN ANTONIO**,
Appellant

v.

Joel **HERRERA**,
Appellee

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2013-CI-04084
Honorable David A. Canales, Judge Presiding

Opinion by:   Karen Angelini, Justice

Sitting:       Karen Angelini, Justice
              Sandee Bryan Marion, Justice
              Luz Elena D. Chapa, Justice

Delivered and Filed: October 16, 2013

REVERSED AND RENDERED

The City of San Antonio appeals from an interlocutory order denying its plea to the jurisdiction. We reverse the trial court's order, and render judgment dismissing Joel Herrera's claim against the City.

### BACKGROUND

On March 4, 2012, Herrera was involved in a motor vehicle accident in San Antonio, Texas. The accident occurred when Herrera, who was driving a motorcycle, collided with a car at an intersection. A year later, on March 11, 2013, Herrera sued the City of San Antonio and City

Public Service n/k/a CPS Energy under the Texas Tort Claims Act, alleging that the accident was the direct result of a malfunctioning traffic signal. Herrera further alleged that the City and CPS breached their duties of care when they failed to repair the malfunctioning traffic signal within a reasonable time of receiving notice that the signal was malfunctioning.

The City's answer to the suit contained a plea to the jurisdiction. The City's plea to the jurisdiction alleged Herrera failed to provide the City with timely formal notice of his claim as required by Section 101.101 of the Texas Civil Practice and Remedies Code. In responding to the plea to the jurisdiction, Herrera did not dispute that he failed to provide the City with timely formal notice of his claim as required by Section 101.101. Instead, Herrera asserted that his failure to give timely formal notice was not determinative because the evidence raised a fact issue concerning whether the City had "actual notice" of his claim. The trial court denied the City's plea to the jurisdiction, and the City pursued this appeal.

**STANDARDS OF REVIEW**

A plea to the jurisdiction challenges a trial court's subject matter jurisdiction. *City of Dallas v. Carbajal*, 324 S.W.3d 537, 538 (Tex. 2010). The purpose of a plea to the jurisdiction is not to force the plaintiff to preview its case, but to establish a reason why the merits of the plaintiff's claim should never be reached. *Bland Indep. School Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). We review the trial court's ruling on a plea to the jurisdiction under a de novo standard of review. *Carbajal*, 324 S.W.3d at 538.

When a plea to the jurisdiction challenges the existence of jurisdictional facts, the trial court must review the relevant evidence to determine whether a fact issue exists. *The Univ. of Tex. at Austin v. Hayes*, 327 S.W.3d 113, 116 (Tex. 2010). The plaintiff bears the burden to allege facts demonstrating jurisdiction, and the trial court construes the pleadings liberally in the plaintiff's favor. *Id*. If the evidence raises a fact question on jurisdiction, the trial court cannot grant the plea,

and the issue must be resolved by the trier of fact. *Id*. On the other hand, if the evidence is undisputed or fails to raise a fact question, the trial court must rule on the plea as a matter of law. *Id*. Because this is a de novo review, we apply these rules in analyzing the trial court's ruling on appeal.

### NOTICE REQUIREMENTS

As a prerequisite to bringing suit against a governmental unit under the Texas Tort Claims Act ("TTCA"), a claimant is required to abide by the notice requirements set out in Section 101.101 of the Texas Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM. CODE ANN. § 101.101 (West 2005). The purpose of the notice requirements is to ensure the prompt reporting of claims in order to enable governmental units to gather information necessary to guard against unfounded claims, settle claims, and prepare for trial. *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995). The failure to comply with the notice requirements deprives the trial court of jurisdiction. TEX. GOV'T CODE ANN. § 311.034 (West 2013).

Under the TTCA, a governmental unit is entitled to receive formal notice of a claim against it not later than six months after the day that the incident giving rise to the claim occurred. TEX. CIV. PRAC. & REM. CODE ANN. § 101.101(a). The six-month time period may be modified by a city's charter and ordinance provisions. TEX. CIV. PRAC. & REM. CODE ANN. § 101.101(b). The city charter applicable in this case, the San Antonio City Charter, requires a claimant to give the City written notice of any claim for injuries or damages within ninety days after the injuries or damages are sustained. *See* SAN ANTONIO, TEX., CITY CHARTER, art. XII, § 150. However, the formal notice requirements set out in section 101.101(a), (b) do not apply when the governmental unit has "actual notice" of a claim. TEX. CIV. PRAC. & REM. CODE ANN. § 101.101(c).

## ACTUAL NOTICE

A governmental unit has actual notice of a claim when it has "knowledge of (1) a death, injury, or property damage; (2) the governmental unit's alleged fault producing or contributing to the death, injury, or property damage; and (3) the identity of the parties involved." *Cathey*, 900 S.W.2d at 341. As to the second requirement, the Texas Supreme Court has provided the following insight:

> What we intended in *Cathey* by the second requirement for actual notice was that a governmental unit have knowledge that amounts to the same notice to which it is entitled by section 101.101(a). That includes *subjective awareness of its fault*, as ultimately alleged by the claimant, *in producing or contributing to the claimed injury* . . . It is not enough that a governmental unit should have investigated an incident as a prudent person would have, or that it did investigate, perhaps as part of routine safety procedures, or that it should have known from the investigation it conducted that it might have been at fault. If a governmental unit is not *subjectively aware of its fault*, it does not have the same incentive to gather information that the statute is designed to provide, even when it would not be unreasonable to believe that the governmental unit was at fault.

*Tex. Dept. Criminal Justice v. Simons*, 140 S.W.3d 338, 347-48 (Tex. 2004) (emphasis added). Whether a governmental unit has actual notice is a question of fact, but actual notice may be determined as a matter of law when the evidence is insufficient to raise a fact issue. *See Univ. of Tex. Sw. Med. Ctr. at Dallas v. Estate of Arancibia*, 324 S.W.3d 544, 549 (Tex. 2010).

## ANALYSIS

In this case, no one disputes that Herrera failed to provide the City with timely formal notice of his claim; rather, the dispute involves whether the City had actual notice of Herrera's claim. Further, the only actual notice requirement in dispute here is the second requirement—whether the City had knowledge of its alleged fault in producing or contributing to Herrera's injury. The City argues the trial court erred in denying its plea to the jurisdiction because Herrera failed to produce any evidence that the City had knowledge of its alleged fault in producing or contributing to Herrera's injury. Herrera counters that the trial court correctly denied the plea to

the jurisdiction because the evidence raised a fact issue as to whether the City had knowledge of its alleged fault in producing or contributing to Herrera's injury.

The Texas Supreme Court analyzed a similar dispute in *City of Dallas v. Carbajal*, 324 S.W.3d 537 (Tex. 2010). There, the plaintiff sued the City of Dallas for injuries sustained in a motor vehicle accident that occurred when she drove onto an excavated road. *Id.* at 538. The police report stated that the plaintiff drove her vehicle into a gap in the street that "was not properly blocked." *Id.* After reviewing the evidence presented, the Texas Supreme Court held that the police report was no more than a routine safety investigation, and therefore, it failed to provide the City of Dallas with actual notice of its alleged fault in causing the accident. *Id.* at 539. The Texas Supreme Court stated: "Although both parties agree that the road was not properly blocked, the report here did not provide the City with subjective awareness of fault because it did not even imply, let alone expressly state, that the City was at fault. The report only describes what apparently caused the accident (missing barricades). It does not say who failed to erect or maintain the barricades." *Id.* The Texas Supreme Court further emphasized that appellate courts must be mindful of the policy underlying actual notice, which is to enable governmental units to gather information necessary to guard against unfounded claims, settle claims, and prepare for trial. *Id.* "When a [] report does not indicate that the governmental unit was at fault, the governmental unit has little, if any, incentive to investigate its potential liability because it is unaware that liability is even at issue." *Id.*

Here, in response to the City's plea to the jurisdiction, Herrera produced two City traffic signal management work reports completed by two different technicians, and a police report filed by the San Antonio police officer who investigated the accident. We examine these reports to determine whether this evidence raised a fact issue as to whether the City had subjective awareness of its fault, as alleged by Herrera, in producing or contributing to Herrera's injury.

The first City of San Antonio traffic signal management work report dated March 1, 2012—three days before the accident—states that the "reported trouble" was "all [signals] out." The "action taken" section of the report states: (1) there was no voltage at the CPS meter and that CPS arrived and repaired the problem; (2) the city technician performed several other operations, including resetting the breaker; and (3) the signal is "serving all phases and clearing traffic. This intersection is back in operation at this time."

The police report, dated March 4, 2012—the day of the accident—states, in pertinent part,

> I was dispatched to the listed location for a major accident. Upon arrival I contacted Unit 1 [Herrera] and Unit 2 drivers. [Herrera] was on the ground and being treated by EMS paramedics. [Herrera] advised me he was wearing sunglasses and was blinded by the sun. Unit 2 driver stated [s]he did not see the light as [s]he drove through the intersection. Unit 2 was subsequently contacted and claimed that she was stopped and standing at the listed intersection when her light turned green. Unit 2 driver then claimed she proceeded from Benrus onto Evers through the green light and was suddenly struck by [Herrera's motorcycle] … Upon my arrival in the direction [Herrera] was traveling the lights appeared to be inoperative with all other lights working. I was unable to contact the traffic investigation unit after multiple attempts at doing so via the dispatcher … [Herrera] was transported to University Hospital.

The second City of San Antonio traffic signal management work report dated March 4, 2012, indicates that the "reported trouble" was "[a]ll [signals] out" and that the "status on arrival" was "S.A.P.D. and S.A.F.D. on site EB phase 6 all out all other phase ok. Inter[se]ction does not flash 204 bad and breaker trip on 204's." The "action taken" section of the report states:

> Replace[d] 204 flashers with new ones ok. Replace[d] phase 6 load switch with new one ok. Rest[ed] all breakers for 204 flasher and signals ok. Inter[se]ction back on and cycling. Checked signals and colors all around ok. Checked voltage on cabinet ok showing 122 volts and power supply 25 volts.

The "additional comments" section of the report states: "Checked log had power loss on 03-01-12 at 1242 and power restored on 03-01-12 at 1404. S.A.P.D. #12048481."

After carefully reviewing these reports, we conclude they fail to raise a fact issue as to whether the City had knowledge of its alleged fault in producing or contributing to Herrera's

injury. Nothing in the police report or the traffic signal management work reports expressly or impliedly refers to any fault on the part of the City. The police report states that the traffic signal was inoperative in Herrera's direction. However, the fact that the traffic signal was not working—in and of itself—does not show any fault on the part of the City. The traffic signal management work report from the day of the accident states the technician replaced the flashers with new ones. But the fact that the technician performed work on the signal does not necessarily show any fault on the part of the City. "Certainly, when records or investigative reports give no indication that a governmental unit has been at fault in an incident, it has no actual notice." *Simons*, 140 S.W.3d at 345. Moreover, nothing in the traffic signal management report from the day of the accident even remotely suggests any problem with the work performed by the technician three days earlier.

The crux of Herrera's argument on appeal is that the evidence shows that the second technician—the technician who repaired the traffic signal on the day of the accident—had subjective awareness of the City's fault in the matter. Herrera asserts that the second "technician's inclusion of the references to the accident and the prior work … demonstrates that the technician subjectively believed that the accident was the fault of the City." We disagree. Contrary to Herrera's assertion, neither the inclusion of the police case identification number nor the references to "check[ing] [the] log," the prior "power loss," and the prior "power restor[ation]," demonstrates that the second technician had subjective awareness of any fault on the part of the City.

Under these circumstances, the evidence failed to raise a fact issue as to whether the City had actual notice of Herrera's claim. Because the evidence failed to raise a fact issue regarding actual notice, the trial court should have granted the City's plea to the jurisdiction.

## CONCLUSION

We reverse the trial court's order denying the City's plea to the jurisdiction, and render judgment dismissing the claim brought by Herrera against the City. *See* TEX. R. APP. P. 43.2(c)

(providing that the court of appeals may render the judgment that the trial court should have rendered).

Karen Angelini, Justice